FILED
NOV 23 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Eddie Gaymon Jr., )
)
        Plaintiff, )
)
v. ) Civil Action No. 10-1879 (UNA)
)
)
D.C. Dep't of Corrections *et al.*, )
)
        Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint, among other grounds, fails to state a claim upon which relief can be granted).

Plaintiff is a prisoner at the Jessup Correctional Institution in Jessup, Maryland. He sues the District of Columbia Department of Corrections and three DOC officials for his alleged exposure to mold from February to May of 2010, when he was confined at the District of Columbia Jail. *See* Compl. at 4. Plaintiff states that "the mold may not effect [sic] one now but it can have an effect on ones [sic] health in the future." *Id.* He seeks injunctive relief in the form of a "change [in] how the dept.[sic] deals with a mold and fire issue," and $200,000 in "punitive" damages "for months of inhaling mold, bleach and mentally fighting this issue." *Id.*

The Prison Litigation Reform Act prohibits prisoners from bringing a "[f]ederal civil action . . . for mental or emotional injury suffered while in custody without a prior showing of

physical injury." 42 U.S.C. § 1997e (e); *see Davis v. District of Columbia*, 158 F.3d 1342 (D.C. Cir. 1998) (confirming the constitutionality of Section 1997e(e) with respect to a claim for damages). Furthermore, plaintiff lacks standing to prosecute his claim for injunctive relief because he is no longer at the D.C. Jail and cannot show "that he is realistically threatened by a repetition of his experience." *Haase v. Sessions*, 835 F.2d 902, 910-11 (D.C. Cir. 1987) (citation and internal quotation marks omitted); *see id.* at 911 (explaining that "the threat of repetition must be sufficiently real and immediate") (citation and internal quotation marks omitted). A separate Order of dismissal accompanies this Memorandum Opinion.

Date: November 20, 2010

/s/ Rosemary M. Collyer
United States District Judge